# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

June 20, 2012

### LETTER ORDER

    **Re:**    *United States of America v. Cunniffe*
            **Crim No. 11-684 (ES)**

Dear Counsel:

      Pending before the Court is Defendant Keith Cunniffe's ("Defendant") Omnibus Motion to Suppress Physical Evidence and Dismiss for Spoliation of Evidence (Docket Entry No. 22). Among other things, Defendant seeks to suppress evidence in the form of a handgun seized from him as a result of an allegedly unlawful search by the Jersey City Police Department on March 24, 2011. Upon careful consideration of the moving papers submitted by both parties, the Court finds that Defendant is entitled to an evidentiary hearing, having met his burden of showing that the motion raises "issues of fact material to the resolution of the defendant's constitutional claim." *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996).

      Resolution of the instant motion to suppress turns on whether the Court could find that seizure of Defendant's gun was based on the "reasonable suspicion" required for a *Terry* stop. Defendant submits that his gun was completely concealed from view by the police until after they began conducting an allegedly illegal search of his person. Conversely, the Government alleges that Defendant's gun was plainly visible to the police upon their entry into the Crown Fried Chicken where Defendant was arrested. Because (1) the Government's position relies on the application of the "plain view" exception to warrantless searches to support a finding of reasonable suspicion and (2) Defendant's version of the facts conflicts with an application of the "plain view" exception, Defendant has shown sufficient facts material to the resolution of his case remain in dispute. Having satisfied his burden, Defendant's request for an evidentiary hearing is **GRANTED**.

      Accordingly, the Court will conduct an evidentiary hearing on **July 10, 2012 at 10:30am** in Courtroom 5A, of the Martin Luther King. Jr. Courthouse. The parties must also be prepared

to address the remainder of Defendant's arguments, including, but not limited to, Defendant's request for sanctions and the parties' outstanding discovery requests. The parties are hereby directed to exchange discovery pursuant to their respective obligations under governing law and the Court's standing order of December 12, 2011, so that the Court can conduct a proper evidentiary hearing.

    **SO ORDERED**.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**